IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAKARREY DEANTHON CHAMBERS, #294154, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOHN CROW, )<br>)<br>Respondent. ) | CIV. A. NO. 17-0203-JB-MU |

## REPORT AND RECOMMENDATION

Jakarrey Deanthon Chambers, a state prisoner presently in the custody of the Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 4.) This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). Having carefully reviewed the record, Chambers's petition, Respondent's answer, Chambers's opposition to the response, and all exhibits filed in this matter, the undersigned finds that there are sufficient facts and information upon which the issues under consideration may be properly resolved. Therefore, no evidentiary hearing is required. The instant petition be dismissed for the reasons discussed below.

## PROCEDURAL HISTORY

Chambers was convicted of the murders of Sherley and Roy Ezell on February 28, 2014 and was sentenced to two consecutive sentences of ninety-nine years' imprisonment on April 3, 2014. (Docs. 9-1 at pp. 30, 31, 51, 52, 58, 60). Chambers appealed his convictions to the Alabama Court of Criminal Appeals on May 22, 2014.

(Doc. 9-6 at p. 177). Chambers raised the following grounds on appeal: 1) circumstantial evidence was insufficiently supported, 2) the denial of the defense's motion to exclude testimony regarding DNA fingerprinting, DNA "match," and/or any terminology implying DNA conclusions regarding samples in evidence failed to follow *Perry v. State of Alabama*, 3) denial of the defense's motion for a mistrial based upon the court's improper jury instruction for accomplice liability was reversible error, 4) the trial court erred by not granting judgment of acquittal/directed verdict or his motion for a new trial, 5) the State failed to prove beyond a reasonable doubt every element of the indictment, and 6) the trial court's refusal to give the requested *Smiley* jury charge and the court's giving of the accomplice liability jury instruction over objection and without having evidence to substantiate the charge during the trial was reversible error. (Doc. 9-7 at pp. 10-11). The Alabama Court of Criminal Appeals considered and rejected each of these claims and affirmed his convictions and sentences on April 17, 2015. (Doc. 9-9). The Alabama Court of Criminal Appeals issued a certification of judgment on May 6, 2015. Chambers did not apply for a rehearing in the Alabama Court of Criminal Appeals and did not petition the Alabama Supreme Court for a writ of certiorari. (Doc. 4 at p. 3; Doc. 9 at pp. 3-4).

Chambers filed a Rule 32 petition on July 22, 2016 in the Circuit Court of Mobile County that was signed and dated on June 16, 2016. (Doc. 9-11). In that petition, he claimed that his sentence violated procedural and substantive due process, equal protection under the law, and was cruel and unusual punishment. (*Id*. at pp. 12-25). On January 26, 2017, the Circuit Court dismissed the Rule 32 petition finding that it was untimely and that his claims were without merit. (Doc. 9-13 at pp. 2-3).

On May 10, 2017, Chambers filed the instant federal habeas corpus petition in this Court. (Doc. 1). This is his first § 2254 petition challenging his 2014 convictions and sentences. As directed by the Court, Petitioner refiled his petition on this Court's form on May 24, 2017. (Doc. 4).

## PETITIONER'S CLAIMS

In his petition, Chambers raises several claims: 1) the trial court constructively amended the indictment changing the offenses from intentional murder to complicity to murder; 2) the trial court improperly instructed the jury on reasonable doubt with regard to complicit liability; 3) there was a fatal variance between the indictment and the evidence at trial; and 4) there was insufficient evidence to convict and the evidence instead showed that he was actually innocent. (Doc. 4 at pp. 6-8). Chambers contends that the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his habeas corpus petition because a failure to review his claim would result in a miscarriage of justice because he is actually innocent. (*Id.* at p. 11). He also argues that he filed his petition within the limitations period. (*Id.*).

## CONCLUSIONS OF LAW

**A. Limitations Period**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2244(d) provides:

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent argues that Chambers's § 2254 petition is time-barred. Chambers makes two arguments that his § 2254 petition was, however, timely filed. He argues that, pursuant to § 2244(d)(2), the one-year limitations period was tolled because he filed a Rule 32 petition in state court within the limitations period. (Doc. 4 at p. 11). He also argues that his § 2254 petition is timely based on the doctrine of equitable tolling because a miscarriage of justice would result because he is actually innocent and is incarcerated under an unconstitutional conviction and illegal sentence. (*Id.*).

Pursuant to § 2244(d)(1)(A), the timeliness of a petitioner's habeas petition must be calculated based upon the date on which his conviction becomes final "by the

4

conclusion of direct review or the expiration of time for seeking such review[.]" On direct appeal, the Alabama Court of Criminal Appeals issued a certificate of judgment affirming Chambers's convictions and sentences on May 6, 2015. Because Chambers did not apply for rehearing or petition the Alabama Supreme Court for certiorari review, his conviction became final on that date. *See Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006) (holding that, because Brown did not petition for certiorari review in the Alabama Supreme Court, his conviction became final when the certificate of judgment was issued). Thus, the limitations period for filing a § 2254 petition expired on May 5, 2016.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Chambers appears to argue that the mere fact that he filed a Rule 32 petition is enough to have satisfied the tolling provision of § 2244(d)(2). He is incorrect. Because Chambers did not file his Rule 32 post-conviction motion until July 15, 2016, seventy-eight days after the § 2254 limitations period expired, the filing of that motion did not toll the statute of limitations. He "is unable to take advantage of the tolling provision built into § 2244(d) … because he filed his Rule 32 state collateral attack on his conviction and sentence following the expiration of the limitations period." *Coker v. Mitchem*, CA 09-0766-CG-C, 2010 WL 1486965, at * 6 (S.D. Ala. Mar. 11 2010) (internal citations omitted); *see also McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (holding that Rule 32 cannot toll the one-year limitations period if that period expired prior to filing of the motion).

Accordingly, the only avenue by which this Court can consider the merits of the instant § 2254 petition is by finding that Chambers is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence of the crimes for which he was convicted by a jury of his peers in 2014. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Sec'y for the Dep't of Corr.*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted).

"Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would

6

make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient.").

Chambers has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence support equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). He does not argue that he was ignorant of the one-year limitations period (*see* Doc. 4 at p. 11), presumably because he realizes that this argument would be futile. *Moore v. Frazier,* 605 F. App'x 863, 868 (11th Cir. 2015) ("We have stated that '*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations.' . . . And we have not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion."); *Terry v. Hurley,* 2014 WL 1660708, at *2 (M.D. Ala. Mar. 10, 2014) ("[I]t is well settled that an inmate's lack of legal knowledge, the denial of access to a law library, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period.").

"Because equitable tolling is 'an extraordinary remedy,' it 'is limited to rare and exceptional circumstances' and 'typically applied sparingly.'" *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir.

2005), *aff'd*, 549 U.S. 327 (2007)). The Eleventh Circuit has concluded that the remedy of equitable tolling is only available when a petitioner can prove "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Lawrence*, 421 F.3d at 1226. The Court finds that nothing presented by Chambers demonstrates the presence of "extraordinary circumstances" necessary to warrant an equitable tolling of the limitations period. Chambers argues that his appellate attorney did not provide him with a copy of the certificate of judgment until a month after the one-year period expired and, therefore, extraordinary circumstances excuse his neglect in timely filing. However, our sister district has held, under similar circumstances, that a failure by the petitioner's appellate counsel to inform petitioner that a certificate of judgment had been entered "is not the type pf egregious attorney conduct required to apply equitable tolling." *Kitchen v. Danials*, Case No. 2:13-cv-01435-KOB-SGC, 2016 WL 4545331, at *3 (N.D. Ala. Aug. 9, 2016) (*Report and Recommendation adopted* 2016 WL 4530018 (Aug. 30, 2016)). This Court agrees. In addition, Chambers has failed to show that he acted with diligence during the limitations period to stay abreast of the status of his case.

## B. <u>Procedural Default/Exhaustion</u>

"A habeas petitioner is required to initially present his federal claims to the state courts, and to exhaust all of the procedures available in the state court system, before seeking relief in federal court." *James v. Culliver*, Civ. A. No. CV-10-S-2929-S, 2014 WL 4926178, at *5 (N.D. Ala. Sept. 30, 2014) (citing 28 U.S.C. § 2254(b)(1); *Medellin v. Dretke*, 544 U.S. 660, 666 (2005) (holding that a petitioner "can seek federal habeas relief only on claims that have been exhausted in state court"). The petitioner must

"fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation marks and citations omitted). To satisfy this requirement, state courts "must … be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id*. at 366. The petitioner must also present "his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "Federal courts are not forums in which to relitigate state trials." *Smith v. Newsome*, 876 F.2d 1461, 1463 (11th Cir. 1989) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

Thus, Chambers must have presented his claims on direct appeal to the Alabama Court of Criminal Appeals and then in "a petition for discretionary review" in the Alabama Supreme Court, even if "the state supreme court rarely grants such petitions and usually confines itself to answering questions of broad significance." *Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir. 2001). Although Chambers did raise his claims in the Alabama Court of Criminal Appeals, he did not file a writ for review of his claims by the Alabama Supreme Court. Therefore, Chambers failed to exhaust his claims in state court. *See Boerckel*, 526 U.S. at 845-48.

In addition to the bar created by a failure to exhaust state court remedies, a petitioner's claims can also be barred from federal court review by the doctrine of

procedural default. A petitioner will be deemed to have procedurally defaulted a claim if the petitioner "fails to initially present a federal claim to the state courts at the time, and in the manner, dictated by the state's procedural rules," and the state court thus decides "that the claim is not entitled to review on its merits." *James*, 2014 WL 4926178, at *6. "Generally speaking, if the last state court to examine a claim states, clearly and explicitly, that the claim is barred because the petitioner failed to follow state procedural rules, *and* that procedural bar provides an *adequate* and *independent* state ground for denying relief, then federal review of the claim also is precluded by the procedural default doctrine." *Id*. (emphasis in original). Also, if a petitioner's time for filing a required petition to the state's highest court has expired, the petitioner will be found to have procedurally defaulted those claims. *See Boerckel*, 526 U.S. at 848. In this case, because the time for filing a petition for a writ of certiorari to the Alabama Supreme Court has expired, the claims asserted by Chambers here have been procedurally defaulted.

## C. Actual Innocence

A federal court can consider the merits of an untimely § 2254 motion or claims that have been procedurally defaulted if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See, e.g., San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."). Although he has claimed actual innocence, Chambers has not shown that he is entitled to have the untimeliness of his § 2254 petition or his procedural default excused based on actual innocence. In *McQuiggin v. Perkins*, 133 S.

Ct. 1924, 1928 (2013), the Supreme Court specifically held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Here, Chambers essentially regurgitates the claims he is making here to support his argument that he is actually innocent. (Doc. 10 at pp. 3-4; Doc. 10-1). Chambers has offered no new evidence establishing his actual (factual) innocence of the crimes for which he was convicted. His reliance on evidence that was known and available during his trial, not on any "new evidence," refutes his argument that no reasonable juror would have found him guilty beyond a reasonable doubt. Thus, it is clear that petitioner cannot take advantage of the actual innocence gateway recognized in *McQuiggin*.

This is not one of those rare cases in which the petitioner has established his actual innocence of the offenses for which he was convicted by a jury of his peers. Thus, the undersigned recommends that the §2254 petition filed by Chambers, which challenges his 2014 convictions and sentences, be dismissed because it is time-barred, not properly exhausted, and procedurally defaulted.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In the instant case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Chambers should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an

when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In the instant case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Chambers should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an

objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, at *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## **CONCLUSION**

The undersigned Magistrate Judge recommends that the petition for writ of habeas corpus filed by Jakarrey Deanthony Chambers, pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). This petition is also due to be dismissed because Chambers failed to exhaust his claims properly and they are, therefore, procedurally defaulted. Chambers is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh

Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **7th** day of **August, 2020**.

s/P. BRADLEY MURRAY<br>
**UNITED STATES MAGISTRATE JUDGE**